UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE CASADO, 09-B-2428,

                     Petitioner,

    -vs-

MICHAEL SHEEHAN, Superintendent of
Five Points Correctional Facility,

                     Respondent.

**No. 1:14-CV-00742 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Jose Casado ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered August 3, 2009, in New York State Supreme Court, Monroe County (Doyle, J.), following a jury trial, in which he was convicted of attempted aggravated murder of a police officer (N.Y. Penal Law §§ 110.00, 125.26), attempted aggravated assault on a police officer (N.Y. Penal Law §§ 110.00, 120.11), and criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03). Petitioner is currently serving an aggregate prison sentence of 40 years to life.

## II. Procedural History

Following his conviction, petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) his indictment was rendered duplicitous by facts established at trial and (2) the trial court improperly allowed the People to present evidence of

prior bad acts. On October 5, 2012, the Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Casado, 99 A.D.3d 1208 (4th Dep't 2012), lv. denied, 20 N.Y.3d 985. As relevant here, the Fourth Department found that "inasmuch as the evidence establishe[d] only a single act of attempted aggravated murder and attempted aggravated assault as against Officer Hickey, i.e., the two shots defendant fired directly at Officer Hickey, . . . counts one and two of the indictment were not rendered duplicitous by the trial testimony." Id. at 1210.

On March 2, 2014, petitioner filed a motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. Petitioner argued that trial counsel was ineffective for failure to (1) negotiate a plea bargain; (2) request a jury charge on a lesser included offense; and (3) object to prosecutorial misconduct on summation. On July 17, 2014, Justice Doyle denied petitioner's CPL 440.10 motion, finding that petitioner "fail[ed] to allege sufficient facts to support his claim and [the allegations were] conclusory in nature." SR, Exh. J.[1] Moreover, as the prosecutor pointed out in opposition to petitioner's motion, petitioner was not extended a plea offer due to the nature of the charges against him. Justice Doyle denied petitioner's argument

---

[1] References to "SR" are to the state court record manually filed with the Court on April 6, 2016.

that defense counsel failed to object to prosecutorial misconduct because it was record-based but had not been raised on direct appeal. Id. (citing CPL § 440.10(2)(c)).

The instant petition (doc. 1) contends that (1) the indictment was rendered duplicitous by facts established at trial (ground one); (2) trial counsel was ineffective for failing to (a) preserve a claim regarding the duplicitous indictment; (b) negotiate a plea bargain; (c) consult petitioner before deciding not to request a jury charge for a lesser included offense; and (d) failing to object to prosecutorial misconduct (grounds two and three); and (3) the trial court refused to hold an evidentiary hearing and refused to assign counsel to represent petitioner on his collateral attack on the judgment (ground four). For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established

3

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.   Duplicitous Indictment**

As discussed above, the Fourth Department rejected petitioner's claim that his indictment was rendered duplicitous by the facts established at trial. In that case, as in this petition, petitioner argued that the two shots he fired in the direction of the police officer victim were separate incidents and it was impossible to determine the particular act for which the jury convicted him. The Fourth Department correctly found that the two shots constituted a single act and the indictment was therefore not duplicitous. See United States v. Kurniawan, 627 F. App'x 24, 27 (2d Cir. 2015) ("[T]his court has long held that acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme.") (internal quotation marks and citation omitted).

In any event, "[p]rocedural rules create the prohibition of duplicitous counts – there is no constitutional right against duplicity per se. In New York, this rule is found in [CPL §] 200.30(1), which specifies that '[e]ach count of an indictment may

4

charge one offense only.'" Jones v. Lee, 2013 WL 3514436, *7 (S.D.N.Y. July 12, 2013). "Such state law requirements cannot be considered by federal courts on habeas review." Id. A duplicitous count violates a defendant's constitutional rights only where it violates "the Sixth Amendment's guarantee that an accused may be adequately informed of the nature and the cause of the accusation and the Fifth Amendment's interdiction against double jeopardy." Id. (internal quotation marks omitted) (quoting United States v. Kearney, 444 F. Supp. 1290, 1292 (S.D.N.Y. 1978) (quoting U.S. Const. amend. VI)). Petitioner has not, and cannot, show that the indictment faired to inform him of the nature of the accusation against him with regard to these charges. Accordingly, his claim is dismissed.

**B.  Ineffective Assistance of Trial Counsel**

In grounds two and three of his petition, petitioner contends that trial counsel was ineffective for failing to (1) preserve a claim regarding the duplicitous indictment; (2) negotiate a plea bargain; (3) consult petitioner before deciding not to request a jury charge for a lesser included offense; and (4) object to prosecutorial misconduct. For the reasons set forth below, these claims are dismissed.

To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

5

the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001). Where a state court has denied a claim of ineffectiveness based on a state law standard, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell v. Cone, 535 U.S. 685, 698–99 (2002). Rather, petitioner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Id. at 699. Initially, regarding petitioner's duplicity argument, counsel was not ineffective for failing to preserve a meritless issue. See, e.g., Rivera v. Ercole, 2008 WL 627507, *3 (S.D.N.Y. Mar. 7, 2008).

Petitioner raised his remaining arguments in his CPL § 440.10 motion. Petitioner's claim regarding prosecutorial misconduct is barred by an adequate and independent state law ground, because Supreme Court denied the claim as record-based but not raised on direct appeal, citing CPL § 440.10(2)(c). A denial based on CPL

§ 440.10(2)(c) constitutes a denial on an adequate and independent state ground. See <u>Sweet v. Bennett</u>, 353 F.3d 135, 139-40 (2d Cir. 2003) (holding that CPL § 440.10(2)(c) constitutes adequate and independent state law ground where basis of ineffective assistance claim is apparent from trial record).

Petitioner's arguments regarding counsel's failure to negotiate a plea bargain and failure to request a lesser included charge[2] are not record-based, but in any event, they lack merit. First, as the trial court's decision on petitioner's § 440.10 motion makes clear, petitioner was not in fact offered a plea bargain – a decision wholly within the discretion of the prosecutor – due to the nature of the charges, which involved crimes directed against a police officer. Thus, as Supreme Court correctly decided, this claim is meritless.

Finally, the Court finds that Supreme Court correctly denied petitioner's § 440.10 motion with regard to his argument that counsel failed to request that a lesser included charge be put to the jury. As was the case with his § 440.10 petition, petitioner does not present this claim with any degree of specificity: his petition merely contends that counsel was ineffective because he did not "request submission of a lesser included offense." Doc. 1 at 8. Petitioner has provided no facts or context to establish why

---

[2] The Court notes that, as respondent argues, petitioner failed to raise these claims in a motion for leave to appeal to the Fourth Department, and therefore, the claims are unexhausted. The Court nevertheless addresses them on the merits in the interest of judicial economy.

7

counsel was ineffective for failing to do so, and regardless, the proof of petitioner's guilt on the crimes charged was overwhelming. Thus, petitioner has failed to show that even if a lesser included offense was charged, there would have been a "reasonable probability that . . . the fact finder would have had a reasonable doubt respecting guilt" as to the crimes charged. Strickland, 466 U.S. at 687, 695.

C. **Petitioner's Right to Counsel for the Collateral Attack**

Petitioner argues that the trial court erred in refusing to hold an evidentiary hearing and refusing to assign counsel with respect to his collateral attack on the judgment. Petitioner also argues that, because he could not afford counsel and counsel was not provided for the collateral attack, his equal protection rights were violated. Petitioner has failed to present any facts as to why the trial court erred in refusing him an evidentiary hearing on the § 440 motion. Moreover, the question of entitlement to an evidentiary hearing in that proceeding is a matter of state law, and therefore is not cognizable on habeas review. See Santos v. Payant, 2005 WL 3593577, *4 (S.D.N.Y. Dec. 30, 2005) (holding that petitioner's argument that trial court "fail[ed] to hold an evidentiary hearing on his § 440.10 motion . . . [was] not cognizable on habeas review, as it present[ed] no constitutional issue").

Petitioner's contention that he was entitled to an attorney to represent him on the § 440.10 motion is meritless. "Given that a

criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic . . . to hold that [the petitioner] had a right to counsel to appeal a state collateral determination of his claims of trial error." Coleman v. Thompson, 501 U.S. 722, 756-57 (1991), modified on other grounds by Martinez v. Ryan, 566 U.S. 1 (2012). Likewise, petitioner's equal protection rights were not violated simply because he could not afford an attorney to represent him on a motion for which he was not entitled to counsel. Accordingly, petitioner's claim on this ground is dismissed.

**V. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**

                                            HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    May 30, 2017
           Rochester, New York.